UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL FULTZ,

    Plaintiff

v.      CASE NO.: 3:17-CV-628-RLM-MGG

STATE OF INDIANA, et al.,

    Defendants

## OPINION AND ORDER

Michael Fultz sues the State of Indiana, Corizon LLC, and Officer Shelby, contending that rather than treat his mental illness and suicidal tendencies, they placed him in segregation. The complaint alleges that Corizon is a for-profit corporation that once had a contract with the State to provide mental health services to Indiana's prison inmates. Corizon has moved for judgment on the pleadings with respect to Mr. Fultz's claim against it under the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd(d)(2)(A), which only applies to a hospital that operates an emergency department or has contracted with United States to provide Medicare services.

> To survive a motion for judgment on the pleadings, a complaint must state a claim to relief that is plausible on its face. When assessing the facial plausibility of a claim, we draw all reasonable inferences and facts in favor of the non-movant, but need not accept as true any legal assertions. At the Rule 12 motion stage, a plaintiff must support an allegation … with subsidiary facts, not just [b]are assertions

> of the state of mind. Plaintiffs fail to state a claim of bad faith when their complaint contains nothing but conclusory labels, such as that union officials had acted invidiously or intentional[ly], willful[ly], wanton[ly], and malicious[ly]. We have noted that a plaintiff's complaint might pass muster if it offer[s] facts that suggest a motive for the union's alleged bad-faith conduct.

Bishop v. Air Line Pilots Ass'n, Int'l, 900 F.3d 388, 397 (7th Cir. 2018) (citations and quotation marks omitted).

Mr. Fultz contends that by arguing that it isn't a hospital, Corizon is presenting evidence that is not in the record. The court disagrees. To survive a motion for judgment on the pleadings, a plaintiff must be able to point to something in the record that indicates the plaintiff could meet its burden of proof at trial. The complaint doesn't allege even in a conclusory way that Corizon is a hospital or operates a hospital, which Mr. Fultz would have to prove at trial. Accordingly, the court GRANTS Corizon's motion for judgment on the pleadings only with respect to the plaintiff's claim under the Emergency Medical Treatment and Active Labor Act [Doc. No. 54].

SO ORDERED.

ENTERED:   November 15, 2018

/s/ Robert L. Miller, Jr.
Judge, United States District Court